IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 1:CR-07-237 |
| v. | (Judge Rambo) |
| PERRY LANDON | |

# MEMORANDUM

I. **Background**

Before the court is a motion to vacate filed by Perry Landon pursuant to 28 U.S.C. § 2255(f)(3) (Doc. 69). The government has filed a response to the motion. No reply brief has been filed.[1] The matter is ripe for disposition.

Landon was sentenced on September 24, 2008. Ordinarily, his motion should have been filed one-year from the date the judgment became final. Landon is filing his motion, however, under 28 U.S.C. § 2255(f)(3), which permits filing one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Landon claims the case of *Setser v. United States*, ___ U.S. ___, 132 S. Ct. 1463 (2012), which held that "a district court has the discretion to order that a federal sentence run consecutively to an anticipated state sentence that has not yet been imposed" applies to his case. Landon claims that this court should have sentenced him concurrently to an anticipated state sentence he would receive on a parole revocation. He seems to further argue that

---

[1] The deadline for filing a reply brief was March 18, 2013. To date, no reply has been filed and no request for an extension to do so has been filed.

counsel should have requested that this court impose a concurrent sentence to his parole revocation sentence.

**II.     Discussion**

The government has set forth its reasons why Landon is not entitled to relief. First, Landon was already given a parole revocation sentence at the time his federal sentence was imposed. Therefore, there was no pending unimposed state sentence. Second, the government contends that *Setser* is not a new substantive rule, which would be a decision that narrows the substantive scope of criminal liability under federal statute. *See Bousley v.United States*, 523 U.S. 620 (1998). (Doc. 72 at p. 6.) *Setser* is a procedural decision. *Id*.

As to the issue that counsel should have requested the court to impose a concurrent sentence, the government has set forth the standard to be applied on the issue of incompetence of counsel, citing to *Strickland v. Washington*, 466 U.S. 668 (1984). The government has addressed the prejudice prong of *Strickland* and noted that Landon's claim that this court would have imposed a concurrent sentence to his six month parole sentence is speculative. (Doc. 72 at pp. 7-9.) *See United States v. Alvarez,* 184 F. Appx. 876, 881 (11th Cir. 2006), and *Prewitt v. United States*, 83 F.3d 812, 818-19 (7th Cir. 1996).

**III.    Conclusion**

This court has carefully considered the arguments of the government presented in its brief in opposition to the motion, and the case law cited therein (Doc 72). The government's brief is a well-written and has not been refuted by Landon. Thus, this court will adopt the brief in its entirety.

2

The motion to vacate will be denied. Since no factual issues and only legal issues are in dispute, no hearing is required and the court finds no reason for counsel to be appointed. An appropriate order will be issued.

                                                                               s/Sylvia H. Rambo
                                                                              United States District Judge

Dated: March 28, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:CR-07-237**
:
: **(Judge Rambo)**
**v.** :
:
:
**PERRY LANDON** :

# O R D E R

AND NOW, this 28th day of March, 2013, **IT IS HEREBY ORDERED THAT** the motion filed pursuant to 28 U.S.C. § 2255(f)(3) is **DENIED**. This court declines to issue a certificate of appealability.

                                                  s/Sylvia H. Rambo
                                                  United States District Judge